## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN WILLIAMS,** | ) | **CASE NO. 5:05CV2195** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #1) of Petitioner, Brian Williams, under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as well as Petitioner's Motions for Leave to Supplement and Amend (ECF DKT #7, #8, and #11).  For the following reasons, the Motion to Vacate, Set Aside, or Correct Sentence is DENIED; the Motions for Leave to Supplement and Amend are GRANTED; and the above-captioned action is DISMISSED.

## I. FACTUAL BACKGROUND

Petitioner was originally convicted in federal court in Case No. 5:95 CR 0143 (Judge Paul R. Matia) for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; and he was sentenced to seventy-two months imprisonment on November 22, 1995, to be followed by eight years of supervised release.  As part of Petitioner's plea agreement, a federal drug prosecution in Case No. 5: 95 CR 0144 (Judge Solomon Oliver)

was dismissed.  On June 4, 2002, in Summit County Common Pleas Court (Case No. CR 02 04 0847 (A)), Petitioner, represented by counsel, pursuant to a negotiated plea agreement, entered a plea of guilty to Possession of Cocaine (crack cocaine); Possession of Cocaine (powder cocaine); and Possession of a Firearm While Under a Disability and was sentenced to four years of incarceration.  Thereafter, at a supervised release revocation hearing held on August 14, 2002, before U.S. District Judge Paul R. Matia, Petitioner appeared with retained counsel and admitted to the state court convictions.  He was found to be a violator of supervised release; the terms of his supervised release were revoked; and Petitioner was sentenced to twenty-seven months, to be served consecutively to his state sentence.

In his Petition, pursuant to 28 U.S.C. § 2255, Brian Williams asserts that he was denied effective assistance of counsel  —  in that his attorney did not file an appeal from the revocation of supervised release; and because of the attorney's conflict of interest , representing both Williams and his co-defendant brother in the state proceeding giving rise to the federal supervised release violation.  In a brief filed subsequent to the original petition, Petitioner also requests the Court to consider a claim of actual innocence.

## II. LAW AND ANALYSIS

Section 2255 provides a federal prisoner an avenue to collaterally attack a conviction or sentence he alleges to be in violation of federal law.  *See In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).  If alleging a constitutional error, the petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F. 3d 486, 488 (6th Cir. 1999) (citing *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637-38 (1993)).  On the other hand, if the error is non-constitutional in nature, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F. 2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

**Effect of Guilty Plea**

As was mentioned previously, Petitioner Williams entered a guilty plea at the state level and at the federal violation hearing.  "A defendant who knowingly, intentionally, and voluntarily enters a plea agreement forfeits the right to bring subsequent, non-jurisdictional challenges not specifically retained in the agreement."  *Mason v. United States*, 2006 WL 2456496, at *4 (N.D. Ohio Aug. 22, 2006) (citing *Watson*, 165 F. 3d at 489). "[T]he defendant waives the right to raise independent claims relating to the deprivation of rights which he alleges occurred prior to the entry of his plea."  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bahhur*, 200 F. 3d 917, 922-23 (6th Cir. 2000).

Petitioner Williams directs this Court's attention to the search warrants issued prior to his state arrest, and alleges the search and seizure of his person and property were illegal.  His contentions in this regard are inappropriately raised in this habeas petition since his guilty plea waived the right to challenge his conviction based on insufficiency of the evidence (*Bahhur*, 200 F. 3d at 923), and since the guilty plea served as an admission of all elements of the formal criminal charge.  (*United States v. Skinner*, 25 F. 3d 1314, 1316 (6th Cir. 1994)).

**Time Limitation for Filing § 2255 Petitions**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective

-3-

April 24, 1996, amended 28 U.S.C. § 2255 by adding a time limit for filing such petitions.  A prisoner is now precluded from filing a § 2255 motion more than one year after his conviction becomes final.  A "judgment of conviction" generally includes both the adjudication of guilt and the sentence.  *See*, Fed. R. Crim. P. 32 (k)(1); *Deal v. United States*, 508 U.S. 129, 132 (1993).  On August 14, 2002, U.S. District Judge Paul R. Matia sentenced Brian Williams to twenty-seven months imprisonment, consecutive to his state sentence.  Petitioner Williams did not take an appeal from the supervised release proceeding nor from Judge Matia's sentence.  When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires.  *See Sanchez-Castellano v. United States*, 358 F. 3d 424, 428 (6th Cir. 2004).  Petitioner Williams filed the instant § 2255 motion on September 19, 2005, well beyond the one-year time period after conviction or direct appeal.

**Ineffective Assistance of Counsel Claim**

As the court noted in *Mason, supra* at *6, quoting Sixth Circuit law on ineffective assistance of counsel allegations:

> "To prove ineffective assistance of counsel, the Petitioner must meet a two-pronged test.  First, he must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689.
>
> Second, the Petitioner must show that the deficient performance prejudiced the defense so seriously as to deprive him of a fair trial.  *Id.* at 687."

Petitioner Williams asserts his counsel operated under a conflict of interest, representing him and his co-defendant brother in state court.  Despite the possible problematic nature of this

-4-

arrangement, Petitioner has failed to meet his burden of establishing that the representation was, therefore, ineffective.  He entered a plea of guilty in state court with the advice of this shared counsel.  Also, he appeared in federal court, at the supervised release violation hearing, with the same attorney, identified in Judge Matia's Order as "retained."  Petitioner has not shown that his decision to enter a plea of guilty would have been otherwise, had he been advised by another lawyer; and he cannot now be heard to complain about his voluntary choice of counsel.

Petitioner Williams also contends that his attorney failed to file an appeal, even though he requested him to do so.  It has been held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F. 3d 456, 459 (6th Cir. 1998).  Nonetheless, the defendant-petitioner has the burden of demonstrating "that he made an actual request for an appeal." *Id.* Petitioner Williams attaches to his brief (ECF DKT #18) a copy of a letter from his attorney, dated September 6, 2002.  In pertinent part, it reads: "I do not believe there is any good basis for appeal of this decision and it is my understanding that you do not intend to do so."   In the absence of any other evidence or affidavits, the Court cannot interpret this language in any way but that the request to file an appeal was not made.  Petitioner Williams has failed to sustain his burden of establishing ineffective assistance of counsel; and thus, cannot overcome the finding that his petition is barred by the statute's one-year limitations period.

**Actual Innocence**

In order for a prisoner to avoid the limitations bar and obtain collateral review, he must show cause for the failure to raise the claim on direct appeal and actual prejudice from

the error alleged or actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).

"To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,'

it is more likely than not that no reasonable juror would have convicted him."  *Id.* at 623.  "It

is important to note in this regard that "actual innocence" means factual innocence, not mere

legal insufficiency."  *Id.*, citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  Further, to

establish the requisite probability that he was actually innocent, the petitioner must support

his allegations with new, reliable evidence that was not presented at trial and must show that

it was "more likely than not that no reasonable juror would have convicted him in the light of

the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Examples of "new" or

"reliable" evidence, sufficient to demonstrate actual innocence are: "exculpatory scientific

evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and

certain physical evidence."  *Schlup*, 513 U.S. at 324; *Sawyer, supra* at 340.

Petitioner Williams supplies no evidence in the form necessary to justify consideration

of actual innocence.  His bare mention of "a fundamental miscarriage of justice", without

supporting evidence or affidavit testimony, does not suffice.


### III. CONCLUSION

Therefore, the Court finds that the Petition of Brian Williams to Vacate, Set Aside or

Correct Sentence is time-barred.  He has failed to meet his burden of establishing ineffective

assistance of counsel and actual innocence. The Petition is denied and this action is dismissed.

The Court finds that an appeal from this decision could not be taken in good faith.  28

U. S. C. § 1915(a)(3).  Further, Petitioner has not made a substantial showing of the denial of a

constitutional right; therefore, the Court declines to issue a certificate of appealability.  28

U.S.C. § 2253; Fed. R. App. P. 22(b).


**IT IS SO ORDERED.**

**DATE: December 15, 2006**


**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**